GASTON BOUQUETT AND RUBYE BOUQUETT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bouquett v. Commissioner
Docket No. 21777-92
United States Tax Court
T.C. Memo 1994-385; 1994 Tax Ct. Memo LEXIS 394; 68 T.C.M. (CCH) 389; 94-2 U.S. Tax Cas. (CCH) P47,947; August 16, 1994, Filed *394 Gaston Bouquett, pro se. For respondent: James D. Hill. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This matter is now before us on petitioner Gaston Bouquett's motion for administrative and court costs. Respondent has filed notice of objection to the motion. After a full trial, our opinion in this matter was filed on May 12, 1994. [1]
Section 7430 allows this Court to award reasonable administrative and litigation costs to the prevailing party in civil tax litigation. To obtain an award for administrative and litigation costs, petitioner (1) must have exhausted all administrative remedies available, (2) must not have unreasonably protracted the proceedings, (3) must satisfy the statutory definition of "prevailing party" as set forth in section 7430(c)(4)(A), and (4) must show that the costs claimed are reasonable. Sec. 7430(b) and (c). Petitioner must establish all of the above elements in order to recover *395 such an award. . Respondent agrees that petitioners have substantially prevailed in this proceeding as that term is defined in section 7430(c)(4)(ii). Respondent, however, does not agree that petitioners are the "prevailing party" under section 7430(c)(4), as respondent maintains her position in this matter was substantially justified. Respondent, in her notices of deficiency, raised two main questions. [2] The first was whether petitioners were entitled to a bad debt deduction in the amount of $ 6,666 for 1988 under section 166(a)(1). We held for respondent on this issue. The second was petitioners' right to deduct legal expenses incurred in 1989 relative to a worker's compensation award hearing. Here, too, we agreed with respondent, holding that the legal costs pertained to the receipt of an award which is excludable from income under section 104(a)(1), and that such expenses are accordingly nondeductible expenses under section 265(a)(1). *396 The third issue considered for trial was a refund claimed by petitioners for the receipt of disability income which they had originally reported on their returns as income and which they claimed in this Court was excludable income. While this Court held for petitioners on this issue, the question was one about which reasonable persons might well differ. The requirement for excludability of the disability payments was that petitioner, rather than his employer, Gaston Bouquett, M.D., Inc., made the payments on the disability policy. Petitioner's evidence that he made the payments was indirect and consisted mainly of his testimony that he reimbursed his controlled corporation by making cash deposits into the corporate account. He did not reimburse the corporation by check, and we specifically noted "Petitioner has not presented any direct evidence of any personal cash outlays for this purpose." In short, we found petitioner credible, and we believed him. A reasonable person might have come to the opposite conclusion about petitioner's credibility. Section 7430(c)(4)(A) defines "prevailing party" as one "(i) which establishes that the position of the United States in the proceeding *397 was not substantially justified." Although this Court disagreed with respondent, we do not find that her position "was not substantially justified". We find that respondent's position was justified. Having so decided, there is no need to consider the other requirements of section 7430. Petitioner's motion for administrative and litigation costs will be denied. An appropriate order will be issued. Footnotes
1. .↩
2. Secondary issues were conceded by respondent shortly after petitioner supplied necessary documentation subsequent to the appellate conference.↩